**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

RONALD JOSEPH GRANT,    :
            :
    Plaintiff,    :
            :
v.           :   Case No. 1:25-cv-168-LAG-ALS
            :
TYRONE OLIVER, *et al.*,   :
            :
    Defendants.  :

---

## ORDER

Plaintiff Ronald Joseph Grant, a prisoner located at Jenkins Correctional Center in Millen, Georgia, filed a *pro se* Complaint and a supplemental complaint seeking relief pursuant to 42 U.S.C. § 1983. (Docs. 1, 5). Plaintiff also moves to proceed *in forma pauperis* ("IFP") (Doc. 2). For the following reasons, Plaintiff's motion for leave to proceed IFP is **GRANTED**, but Plaintiff will be required to recast his Complaint on one of the Court's standard forms if he wishes to proceed with this action.

## MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. Therefore, his motion to proceed IFP (Doc. 2) is **GRANTED.**

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on

the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. (*See* Doc. 2; 28 U.S.C. § 1915(b)(2)). Accordingly, it is **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. 28 U.S.C. § 1915(b)(2). The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### II.     Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

ORDER TO AMEND OR SUPPLEMENT

As Plaintiff is proceeding in this matter IFP, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915A and § 1915(e), which require the Court to review every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

The claims in Plaintiff's Complaint arise from his confinement in Terrell County Prison and Correctional Institute ("Terrell County Prison") located in Dawson, Georgia. (Doc. 1, at 5). According to the Complaint, Plaintiff was assigned to the Terrell County Road Department repair shop for a prison work detail. (Doc. 1-1). On July 12, 2025, Deputy Warden Lauren McClung and Captain Innocence Davis, both officials at Terrell County Prison, ordered Plaintiff and three other inmates to replace the engine, fuel pump, and transmission on a 2002 Chevrolet pickup truck as part of this detail. *Id.* at 2. The costs for the replacement engine and transmission were billed to the Terrell County Road Department. *Id.* Plaintiff worked on the vehicle from July 12 - July 17,

3

2025. *Id.*

On July 26, 2025, Captain Davis ordered Plaintiff to replace the distributor cap on the same Chevrolet pickup truck as part of his prison detail work for the day. *Id.* at 3. Plaintiff alleges that "[t]he gentleman that drove the vehicle to the repair shop on the 26th of July 2025 told [Plaintiff] that the vehicle belonged to his deceased father and that he wanted it repaired so he could drive it[.]" *Id.* at 3. Plaintiff thus realized that the truck was "a privat[el]y owned vehicle" that should not have been "repaired using inmate labor for personal gain." *Id.*

Plaintiff contends he "reached out" to unspecified individuals "and reported the forced labor." (Doc. 1-1, at 4). On August 25, 2025, he "was ordered not to report to [his] assigned detail at the Terrell County Prison and not given a reason as to why[.]" *Id.* Plaintiff was then "kept locked inside [his] housing unit" until he was transferred to Jenkins Correctional Center—a medium security facility—on September 2, 2025. *Id.* Plaintiff's security level was also raised from minimum to medium "with no explanation[.]" *Id.* Plaintiff further claims that, on November 7, 2025, a counselor and case manager at Jenkins Correctional Center informed Plaintiff that he had "been disallowed to be able to go to a transitional center" that would help him "make a successful transition back [into] society and establish a residence[.]" *Id.* at 5. Plaintiff states that he has "no disciplinary and/or security reports on [his] record[,]" and he thus concludes that prison officials took these actions in retaliation for complaining about his work detail. *Id.* at 4.

In his supplemental complaint, Plaintiff contends that counselors and case managers at Jenkins Correctional Facility have reiterated their position that Plaintiff is "not allowed to go to a transi[]tion center[,]" and he was told "not to ask . . . about it again[.]" (Doc. 5, at 1). Again, Plaintiff claims he "meet[s] all of the necessary criteria to be placed in a transi[]tion center," has "never been in any trouble or caused any issues to date," and has "completed [his] case plan that

was recommended for [him] by the Georgia Department of Corrections[.]" *Id.* at 1-2.

Plaintiff names as Defendants in this action Tyrone Oliver, the Commissioner of the Georgia Department of Corrections; Terrell County Prison Warden Kilby; Deputy Warden McClung; Captain Davis; the "Terrell County Board of Commissioners Administrators Terrell County Georgia Prison"; and the Terrell County Prison itself. (Doc. 1, at 4). He contends Defendants have violated his constitutional rights, and he seeks his release from prison, monetary damages, and transfer to a transitional center. (Doc. 1-1, at 6).[1]

Plaintiff's allegations give rise to claims that prison officials retaliated against him for complaining about the conditions of his confinement. An adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). To state a retaliation claim, an inmate generally needs to show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g.*, *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Plaintiff suspects that he was removed from his work detail, transferred to a prison with a higher security classification, and denied his requests to be moved to a transitional center in retaliation for complaining about his conditions of confinement. Plaintiff, however, has not alleged which prison officials were responsible for taking these actions, whether they had any knowledge of Plaintiff's complaints about his work conditions, nor has he alleged any facts to support his speculation. Absent some facts to support Plaintiff's speculation showing that a named Defendant was

---

[1] The Court notes that Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations he alleges, such relief is not available in a § 1983 case.

"subjectively motivated to discipline because [Plaintiff] complained of some of the conditions of his confinement[,]" he has not stated a viable retaliation claim. *Smith v. Mosely*, 532 F.3d 1270, 1278 (11th Cir. 2008).

The Court will give Plaintiff one an opportunity to address this deficiency. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, he is **ORDERED** to recast his Complaint on one of the Court's standard forms within **FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff is reminded that a supervisory official may not be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g.*, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g.*, *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's

6

> improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* Plaintiff may also wish to keep in mind as he drafts his amendment/supplement that a jail or prison is not generally an entity that is capable of being sued under § 1983. *See Allen v. Brown*, No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

**The recast complaint will supersede (take the place of) the original Complaint (Doc. 1) and the supplemental complaint (Doc. 5) filed in this case. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**

Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form, marked with the case number of the above-captioned action, to the Plaintiff that he should use to file his recast complaint. After Plaintiff files his recast complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A and § 1915(e) to determine whether Plaintiff has stated actionable constitutional claims and will provide the parties with instructions regarding any claims that survive this review.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to recast his Complaint in accordance with the instructions above within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff is **advised** that he must notify the Court in writing of any change of address while this case is pending. **The failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this case.** There shall be no service of process until further order of the Court.

SO **ORDERED**, this 24th day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE