**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

RONALD JOSEPH GRANT,                    :
                                                            :
              Plaintiff,                              :
                                                            :
v.                                                          :          Case No. 1:25-cv-168-LAG-ALS
                                                            :
TYRONE OLIVER, *et al.*,                   :
                                                            :
              Defendants.                          :

## ORDER

Plaintiff Ronald Joseph Grant, an inmate presently incarcerated at Richmond County Correctional Institute in Augusta, Georgia filed a motion to appoint counsel. (Doc. 8). For the following reasons, Plaintiff's motion to appoint counsel is **DENIED**. However, the Court grants Plaintiff an additional **FOURTEEN (14) DAYS** to comply with the Court's February 24, 2026 Order to recast his Complaint on the Court's standard form.

## EXTENSION OF TIME FOR COMPLIANCE

On February 24, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and ordered Plaintiff to recast his Complaint on the Court's standard form. (Doc. 6). A copy of this Order was mailed to Plaintiff at the Jenkins Correctional Center, where Plaintiff was incarcerated at that time. (*See* Doc. 1-1, at 1). Shortly thereafter, the Court received a notice of change of address indicating that Plaintiff had been transferred to the Burruss Correctional Training Center. (*See* Doc. 7). The Clerk then mailed another copy of the February 24 Order to Plaintiff at his new address at that facility. Both copies of these Orders were recently returned to the Court as undeliverable. (Docs. 12, 13). In the meantime, however, Plaintiff mailed the Court a third notice of

change of address indicating that he is now housed in the Richmond County Correctional Institute. (Doc. 11). Although Plaintiff has been diligent in keeping the Court informed of his current mailing address, he does not appear to have received a copy of the February 24 Order. Therefore, the Clerk is **DIRECTED** to mail Plaintiff another copy of that Order (Doc. 6) and another copy of the Court's standard § 1983 form, marked with the case number for this case, to Plaintiff at his current mailing address in the Richmond County Correctional Institute. Plaintiff shall have an additional **FOURTEEN (14) DAYS** from the date of this Order to recast his original Complaint on that form in accordance with the February 24 Order.

## MOTION TO APPOINT COUNSEL

Plaintiff also moved to appoint counsel. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion to appoint counsel (Doc. 8) is **DENIED**.[1] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

### CONCLUSION

To reiterate, Plaintiff's motion to appoint counsel (Doc. 8) is **DENIED**, and Plaintiff shall have an additional **FOURTEEN (14) DAYS** from the date of this Order to recast his Complaint on the Court's standard form in compliance with the Court's February 24 Order. The Clerk is directed to forward the appropriate forms to Plaintiff

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

3

along with a copy of the Court's February 24 Order to Recast. (Doc. 6). Plaintiff is reminded of his obligation to notify the Court immediately in writing of any further change of address. **Plaintiff is also reminded that the failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this case.** There shall be no service of process in this case until further order of the Court.

     **SO ORDERED**, this 27th day of March, 2026.

                      s/ **ALFREDA L. SHEPPARD**
                      UNITED STATES MAGISTRATE JUDGE

4